U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 0 6 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY PAYTON | DOCKET NO. 1:05 CV 2092, SEC.P |
| VERSUS | JUDGE DEE D. DRELL |
| LT. CHARLES DUBROC, ET AL | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of plaintiff Anthony Payton, filed *in forma pauperis* on December 2, 2005. Plaintiff is currently incarcerated at Hunt Correctional Center in St. Gabriel, Louisiana. However, the acts complained of are alleged to have occurred at Avoyelles Correctional Center ("ACC"). Specifically, Petitioner claims that he was subjected to excessive force and unwarranted disciplinary proceedings/sanctions. Petitioner names ACC Corrections Officers Charles DuBroc, Beau Milligan, and "Col. Villamaratte" as defendants.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court.

## STATEMENT OF THE CASE

Petitioner claims that, on August 22, 2005, he was in his assigned cell "on extended lockdown administrative segregation status," observing "inmate orderlies" passing out food trays. When Petitioner's tray was brought to him, he stated to the other inmate

that he was on a special diet because he was diabetic[1]. Upon hearing the exchange between Petitioner and the other inmate, Defendant Milligan walked over and asked what the problem was. Petitioner claims that when he told Milligan about the special diet, Milligan threw the tray of food onto the floor of Petitioner's cell. (Doc. #9, p.6.) Petitioner claims that approximately one minute later, Milligan returned to the cell with Defendant DuBroc and told DuBroc that Petitioner had thrown the tray on the floor. Petitioner claims that DuBroc then picked up food off of the floor and threw it at him. (Doc. #9, p.6.) Both defendants then left the cell. Approximately fifteen minutes later, while he was sitting on his bunk conversing with another inmate down the hall, DuBroc and Milligan walked up to Petitioner's cell. Petitioner claims that DuBroc sprayed a chemical into Petitioner's cell, which got in Petitioner's eyes and on his face. Petitioner was then removed from his cell, examined by a nurse, and allowed to shower and change clothes before being escorted back to his cell. (Doc. #9, p.7.)

On August 29, 2005, Petitioner was taken before a disciplinary board where he explained his version of what had transpired to the chairman, "Defendant Villamaratte." (Doc. #9, p.8.) Petitioner claims that the defendant disregarded the facts and found

---

[1] Petitioner claims in his petition that he actually can eat a regular diet; but, he was unaware of that on the date in question. (Doc. #9, p.5.)

2

Petitioner guilty of violating Rule #3 - Defiance and Rule #5 - Disobedience, Aggravated. Petitioner was sentenced to ten days confinement in isolation and eight weeks loss of telephone privileges.

Petitioner filed the instant lawsuit and was ordered to amend his petition and produce evidence of exhaustion. Petitioner submitted a copy of the disciplinary report and a written denial of his appeal from the Disciplinary Board.

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[2] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C.1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

A hearing need not be conducted for every *pro se* complaint.

---

[2]A claim is frivolous if it lacks an arguable basis in law or in fact, Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); see Denton v. Hernandez, 504 U.S. 25 (1992).

3

See Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under §1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." Jolly v. Klein, 923 F.Supp. 931, 942-43 (S.D. Tex. 1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias, 23 F.3d at 97.

Plaintiff has submitted a well-pleaded amended complaint, which specifically details his theories of liability with respect to each named defendant.

Accepting all of plaintiff's allegations as true, the court

4

concludes that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

2. Excessive Force

Plaintiff has raised excessive force claims against Defendant DuBroc and Defendant Milligan. For the following reasons, those claims should be dismissed as frivolous.

The Eighth Amendment proscribes only "punishments" that are "cruel and unusual." Therefore, "[w]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Baldwin v. Stadler, 137 F.3d 836, 838 (5th Cir.1998) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992).

The United States Supreme Court has held that while the malicious and sadistic use of force to cause harm is actionable, not every "malevolent touch" by a prison guard gives rise to a federal cause of action. See Hudson, 503 U.S. at 9. Rather, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10, (internal quotation marks omitted).

In its application of that maxim, the Fifth Circuit has held

5

"... to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than *de minimis* physical injury, but there is no categorical requirement the physical injury be significant, serious, or more than minor." Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir.1999).

Accepting plaintiff's allegations as true, he has not demonstrated that the force used by defendant DuBroc was applied maliciously and sadistically to cause harm, as is required for a viable excessive force claim. The pleadings suggest that the force was minimal and was administered in an effort to maintain or restore discipline.

Furthermore, Plaintiff has not demonstrated that he suffered more than a *de minimis* injury. According to the plaintiff, he was examined by a nurse immediately following the release of the chemical spray into his cell, and he was then allowed to shower and change clothes. Plaintiff admits that he did not receive or even seek any medical treatment for his alleged eye pain subsequent to his examination by the nurse.

As to Defendant Milligan, Plaintiff has not alleged *any* act whatsoever that caused injury. The only claim made against Defendant Milligan is that he failed to report the allegedly excessive force by his coworker, DuBroc. Such a claim does not fall under the Eight Amendment and should be dismissed as frivolous.

In short, Plaintiff has failed to state a claim for which relief may be granted. His excessive force claims against DuBroc and Milligan are frivolous and dismissal on that basis is recommended.

3. Disciplinary Sanctions

Plaintiff also claims that the chairman of the ACC disciplinary board violated Plaintiff's due process rights by finding Plaintiff guilty of violating the prison rules. Therefore, Petitioner claims that the sanctions imposed are illegal and unwarranted. Since the Supreme Court's decision in <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), the ambit of a prisoner's potential Fourteenth Amendment due process liberty claims has been dramatically narrowed. A prisoner has a liberty interest only in "freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the <u>duration</u> of confinement. <u>Orellana v. Kyle</u>, 65 F.3d 29, 31-32 (5th Cir.1995)(quoting <u>Sandin v. Conner</u>, 515 U.S. 472 (1995)).

Plaintiff lost no good time by virtue of the allegedly inadequate or unfair disciplinary proceedings which resulted in his ten days of confinement in isolation and eight weeks without phone privileges. The duration of his sentence has not been affected; therefore, he has no federally protected due process rights in

connection with the proceedings. Consequently, Plaintiff's claim against Defendant Villamaratte lacks an arguable basis in law and is frivolous. See Neitzke v. Williams, 490 U.S. 319 (1989).

### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).[3]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

---

[3]Petitioner should note that a prisoner is prohibited from bringing a civil action or from appealing a judgment under § 1915 if the prisoner has, on three or more prior occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. 28 U.S.C. § 1915(g). Once Petitioner accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 5th day of September, 2006.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE